# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CHRISTOPHER DEVOSE,

    Petitioner

v.

WILLIAM HUTCHINGS, et al.,

    Respondents.

Case No.: 2:21-cv-02069-APG-DJA

**Order**

I previously dismissed Christopher Devose's pro se 28 U.S.C. § 2254 petition for a writ of habeas corpus and granted him leave to file an amended complaint. ECF No. 6. Devose has filed an amended petition. ECF Nos. 8, 11.[1] I direct that it be served on the respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If the petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If the petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Devose has also filed two form motions for appointment of counsel. ECF Nos. 2, 10. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d

---

[1] Devose filed an amended petition (ECF No. 8) then shortly thereafter filed an addendum (ECF No. 11). In the interest of judicial efficiency, I deem those two documents together to be the first amended petition.

1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). Counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). Here, Devose generally presents his claims in a reasonably clear manner, and the legal issues do not appear to be particularly complex.[2] Therefore, counsel is not justified. Devose's motion is denied.

I THEREFORE ORDER the Clerk to electronically SERVE the amended petition (ECF Nos. 8, 10) on the respondents.

I FURTHER ORDER the Clerk to add Aaron D. Ford, Nevada Attorney General, as counsel for the respondents and to provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only.

I FURTHER ORDER that Devose's two motions for appointment of counsel **(ECF Nos. 2 and 10) are both DENIED.**

I FURTHER ORDER the respondents to file a response to the petition, including potentially by motion to dismiss, within **90 days** of service of the petition, with any requests for relief by motion otherwise being subject to the normal briefing schedule under the local rules. Any response filed is to comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

---

[2] In his amended petition, Devose sets forth several claims that appear to be cognizable on screening. I note, however, that there are again instances where he references several hundred pages of attachments and where the specific claims he seeks to set out may be less clear.

I FURTHER ORDER that any procedural defenses raised by the respondents be raised together in a single consolidated motion to dismiss.  In other words, I do not wish to address any procedural defenses raised either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  The respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If the respondents seek dismissal of unexhausted claims under § 2254(b)(2), they will (a) do so within the single motion to dismiss not in the answer; and (b) specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, should be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

I FURTHER ORDER that, in any answer filed on the merits, the respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

I FURTHER ORDER that Devose has **45 days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

I FURTHER ORDER that any additional state court record exhibits filed by either Devose or the respondents be filed with a separate index of exhibits identifying the exhibits by

number.  The parties will identify filed CM/ECF attachments by the number or numbers of the exhibits in the attachment.

I FURTHER ORDER that, at this time, the parties are to send courtesy copies of **any responsive pleading or motion and all INDICES OF EXHIBITS ONLY** to the Reno Division of this court.  Courtesy copies are to be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label.  **No further courtesy copies are required unless and until requested by the court**.

Dated: February 10, 2022

_____
U.S. District Judge Andrew P. Gordon