UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHRISTOPHER DEVOSE,

    Petitioner

v.

WILLIAM HUTCHINGS, et al.,

    Respondents.

Case No.: 2:21-cv-02069-APG-DJA

**Order**

Petitioner Christopher Devose has filed a third motion for appointment of counsel. ECF No. 14. I explained previously in this case that there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). However, counsel is appropriate if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). I denied Devose's earlier motions for counsel because in his first amended petition he generally presents his claims in a reasonably clear manner, and the legal issues do not appear to be particularly complex.[1] In his third motion for counsel, Devose argues that the inmate who

---

[1] I noted in my order that denied Devose's previous motions for counsel that in his amended petition he sets forth several claims that are clear and appear to be cognizable on screening.

helped him with his petition is no longer available. This is generally insufficient to warrant counsel. I am not unsympathetic to the challenges of pursuing habeas relief from prison but remain unpersuaded that counsel is required here. Therefore, Devose's motion is denied.

Next, Devose filed a motion for continuance. ECF No. 15. He simply asks, in one sentence and without further elaboration, for a continuance. It is unclear what relief Devose seeks. If he wishes to ask this court to stay this matter (for example, if he needs to return to state court to exhaust any claims) he must file a motion for stay and abeyance. The court may stay a petition that contains unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011). The motion for continuance is denied without prejudice to Devose filing a motion to stay if that is the relief he seeks.

Finally, the respondents filed a motion for a 14-day extension of time to file a response to Devose's first-amended petition. ECF No. 16. I find that the request is made in good faith and not solely for the purpose of delay; accordingly, good cause exists to grant the motion.

I THEREFORE ORDER that the petitioner's third motion for appointment of counsel **(ECF No. 14) is DENIED**.

I FURTHER ORDER that the petitioner's motion for continuance **(ECF No. 15) is DENIED.**

/ / / /

/ / / /

---

There are instances, however, where he references voluminous attachments and where the specific claims may be less clear.

I FURTHER ORDER that the respondents' motion for extension of time to file a response to the petition **(ECF No. 16) is GRANTED**. The deadline to file the response is May 25, 2022.

Dated: May 12, 2022

_____
U.S. District Judge Andrew P. Gordon