UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER DEVOSE,<br><br>　　Petitioner<br><br>v.<br><br>WILLIAM HUTCHINGS, *et al.*,<br><br>　　Respondents. | Case No.: 2:21-cv-02069-APG-DJA<br><br>**Order Granting in Part and Denying in Part Motion to Dismiss, Granting Motion to Seal, and Denying Motion for Status Check as Moot**<br><br>(ECF Nos. 18, 34, 42) |

　　In his *pro se* 28 U.S.C. § 2254 petition for a writ of habeas corpus, Christopher Devose challenges his murder conviction, arguing that insufficient evidence was presented at trial and that his counsel rendered ineffective assistance. ECF Nos. 8, 11.  The respondents move to dismiss the petition, asserting that several claims are conclusory or unexhausted. ECF No. 18.  I dismiss grounds 5(g), 5(h), 5(i), 6(a), 6(b), and 6(c) as conclusory.  I further find that ground 2 is unexhausted, ground 4 is exhausted, and grounds 3 and 6(d) should be considered as a single claim for merits review.

　　I.　　**Background**

　　In 2015, a jury convicted Devose of second-degree murder with the use of a deadly weapon. Exhibit 49.[1]  The state district court sentenced him to 10 years to life, with a consecutive term of five to twenty years for the deadly weapon enhancement. Exh. 54.  Judgment of conviction was entered on October 7, 2015. Exh. 55.  The Supreme Court of Nevada affirmed

---

[1] Exhibits referenced in this order are exhibits to the respondents' motion to dismiss (ECF No. 18) and are found at ECF Nos. 19-32, 35.

Devose's conviction in February 2018 and affirmed the denial of his state postconviction petition in September 2021. Exhs. 87, 117.  Devose dispatched his federal habeas petition for filing in November 2021. ECF No. 7.  His amended petition and addendum now comprise the operative petition. ECF Nos. 8, 11.  The respondents move to dismiss the petition as unexhausted or noncognizable. ECF No. 18.  Devose did not respond to the motion.

      II.     **Motion to Dismiss -- Legal Standards & Analysis**

          a.  **Conclusory Claims**

In federal habeas proceedings, notice pleading is not sufficient.  Mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief. *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  A "petitioner is required to allege facts with sufficient specificity to support his claim for relief." *Wacht v. Cardwell*, 604 F.2d 1245, 1246 (9th Cir. 1979).  The respondents argue that several of Devose's ineffective assistance of counsel claims are conclusory.

In pleading a claim of ineffective assistance of counsel, a petitioner needs to show that his counsel's performance was constitutionally deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668 (1984).  The court must "construe *pro se* habeas filings liberally." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005).  However, the court cannot grant relief based on conclusory allegations that are not supported by specific facts. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

/ / / /

/ / / /

*Grounds 5(g), 5(h), and 5(i) are conclusory*

In ground 5, Devose alleges that his trial and appellate counsel were ineffective for failing to object and raise on appeal: the admission of overly prejudicial and gruesome photographs (Ground 5(g)) and that the district court's instruction numbers 5, 13, and 41 violated his Fifth and Fourteenth Amendment rights (Ground 5(h)). Ground 5(i) alleges cumulative error. ECF No. 8 at 14-16. Devose does not elaborate at all. In the hundreds of pages Devose attached to the petition, the respondents found a passing reference to 5(g) but nothing analyzing 5(h) or 5(i). Devose does not provide any specific facts. Thus, grounds 5(g), 5(h) and 5(i) are dismissed as conclusory.

*Grounds 6(a), 6(b), and 6(c) are conclusory*

Devose contends that trial counsel was ineffective for failing to present a manslaughter defense (Ground 6(a)), failing to challenge the sufficiency of the evidence (Ground 6(b)) and failing to object to the jury instruction on implied malice (Ground 6(c)). ECF No. 11 at 2.[2] Devose includes no specific facts whatsoever; grounds 6(a), 6(b) and 6(c) are subject to dismissal on that basis. Moreover, I agree with the respondents that ground 6, as whole, is more appropriately construed as a claim that the evidence was insufficient to support the verdict; all specific factual allegations address this claim. *See id*. at 2-8. I will follow the respondents in identifying the sufficiency of the evidence claim as 6(d). I dismiss grounds 6(a), 6(b), and 6(c) as conclusory.[3]

////

---

[2] It appears that Devose labels this claim as ground 5. But he already has a ground 5. ECF No. 8 at 14-16. I therefore refer to this claim as ground 6.

[3] The respondents appear to be correct that grounds 6(a) and 6(b) are also unexhausted. ECF No. 13 at 10; *see* Exh. 109.

### b. **Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106.

However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

### *Ground 2 is unexhausted*

Devose contends that his counsel was ineffective because different attorneys appeared at various hearings, and they were uninformed and unprepared to handle his case. ECF No. 8 at 6. Devose raised ten claims of ineffective assistance of counsel on appeal of the denial of his state postconviction petition to the Supreme Court of Nevada. Exh. 109. He did not raise this claim. *See id*. Thus, ground 2 is unexhausted.

### *Ground 4 is exhausted*

Devose asserts that his Sixth and Fourteenth Amendment rights to conflict-free counsel were violated when the trial court refused to appoint new counsel even though an actual conflict existed. ECF No. 8 at 12. He exhausted this claim on direct appeal. Exh. 73 at 17-19; Exh. 87 at 2-4. The respondents are concerned that Devose also intends to raise in federal ground 4 several individual claims of ineffective assistance of counsel, as he did on direct appeal. The Supreme Court of Nevada refused to consider the ineffective assistance claims on direct appeal, as they

are generally properly brought on collateral review (by way of a state postconviction habeas corpus petition).  I read ground 4 solely as a claim that Devose's right to conflict-free counsel was violated.  To the extent that Devose intended to raise any of the ineffective assistance claims he tried unsuccessfully to raise on direct appeal, those are unexhausted.

### *Ground 3 will be combined with ground 6(d)*

Devose argues in ground 3 that insufficient evidence supported his conviction. ECF No. 8 at 9-10.  He sets forth the same claim in ground 6(d). ECF No. 11 at 2, 4-8.  In support of ground 6(d), he also attaches a counseled brief that sets forth specific factual allegations in support of the claim.  The respondents argue that ground 3 should be dismissed as duplicative.  But Devose includes different factual allegations in ground 3.  Thus, I will consider grounds 3 and 6(d) together as a single claim when I adjudicate the petition on the merits.

### *Devose must decide how he wishes to proceed with his mixed petition*

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id*.  Because ground 2 is unexhausted, Devose has these options: (1) he may submit a sworn declaration voluntarily abandoning ground 2 and proceed only on the exhausted claims; (2) he may return to state court to exhaust ground 2, in which case his federal habeas petition will be denied without prejudice;[4] or (3) he may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust ground 2.

---

[4] I make no assurances as to the timeliness of any future-filed petition.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits.[5] If Devose wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust ground 2 in state court and presents argument regarding the question of whether or not ground 2 is plainly meritless. The respondents would then have an opportunity to respond, and Devose to reply. Or Devose may file a declaration voluntarily abandoning ground 2, as described above. Devose's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Devose is advised to familiarize himself with the limitation periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

### III. Motion for Leave to File Exhibits Under Seal

The respondents moved for leave to file several exhibits under seal. ECF No. 34. While there is a presumption favoring public access to judicial filings and documents, a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In general, "compelling reasons" exist where the

---

[5] *Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("[S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

records may be used for improper purposes. *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598).

Here, the respondents ask to file seven documents under seal. ECF No. 34. Six are sealed proceedings that the state district court conducted with Devose and his trial counsel outside the presence of the prosecution. The last document is Devose's presentence investigation report ("PSI"), which is confidential under state law and contains sensitive information such as Devose's identifiers and social security numbers. Because the state court never made these exhibits part of the public record, the respondents wish to comply with Nevada law as well as the actions of the state court regarding the continued confidentiality of these documents. The respondents have demonstrated compelling reasons to file the exhibits under seal. Accordingly, I grant the motion, and the exhibits will remain under seal.

## IV. Conclusion

I THEREFORE ORDER that the respondents' motion to dismiss **(ECF No. 18) is GRANTED in part as follows**:

Grounds 5(g), 5(h), 5(i), 6(a), 6(b) and 6(c) are **DISMISSED** as conclusory.

Ground 2 is **UNEXHAUSTED**.

Ground 4 is **EXHAUSTED**.

Grounds 3 and 6(d) will be combined into a single claim for merits review.

I FURTHER ORDER that Devose has **until April 26, 2023** to inform the court which one of the following three options he chooses: (1) file a sworn declaration that he wishes to formally and forever abandon ground 2 and proceed on the exhausted grounds; OR (2) file a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust ground 2; OR (3) file a motion for a stay and abeyance, asking this court to

hold his exhausted claims in abeyance while he returns to state court to exhaust ground 2. **If Devose fails to complete one of these options by April 26, 2023, his petition will be DISMISSED**. If Devose chooses to file a motion for a stay and abeyance or seek other appropriate relief, the respondents may respond according to Local Rule 7-2.

I FURTHER ORDER that if Devose elects to abandon ground 2, respondents will have **30 days** from the date Devose serves his declaration of abandonment in which to file an answer to the remaining grounds for relief. The answer must contain all substantive and procedural arguments for all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254. Devose will then have **30 days** from the date of service of respondents' answer to file a reply.

I FURTHER ORDER that the respondents' motion for leave to file exhibits under seal **(ECF No. 34) is GRANTED**. The exhibits will remain under seal.

I FURTHER ORDER that Devose's motion for status check **(ECF No. 42) is DENIED** as moot.

Dated: March 22, 2023

_____
U.S. District Judge Andrew P. Gordon